U.S. Equal Employment Opportunity Commission
Philadelphia District Office
21 South Fifth Street, Suite 400
Philadelphia, PA 19106-2515
Woody Anglade
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF NEW JERSEY

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION AND KOLMA TOBEY, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | CIVIL ACTION NO. 03-4225 (JHR) |
| BANCROFT NEUROHEALTH d/b/a, BANCROFT BRAIN INJURY SERVICES | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

## CONSENT DECREE

### INTRODUCTION

A.  This action was instituted by the United States Equal Employment Opportunity Commission (the "EEOC" or the "Commission") on or about September 9, 2003, against Bancroft NeuroHealth d/b/a Bancroft Brain Injury Services under the Age Discrimination in Employment Act of 1967, as amended; 29 U.S.C. § 621 et seq., (the "ADEA"), and Title VII of the Civil Rights of 1964, as amended, 42 U.S.C. § 2000e et seq., ("Title VII"). The EEOC alleged that Defendant Bancroft NeuroHealth d/b/a Bancroft Brain Injury Services discriminated against Kolma Tobey based on his age, 47, and race, Black, by refusing to promote Mr. Tobey to the position of Program Manager at Defendant's Mullica Hill, New Jersey facility.

B.  This Consent Decree is entered into by the EEOC and Defendant Bancroft

1

NeuroHealth d/b/a Bancroft Brain Injury Services. This Consent Decree shall be final and binding between the EEOC and Defendant Bancroft NeuroHealth d/b/a Bancroft Brain Injury Services, its directors, officers, agents, employees, successors or assigns and all persons in active concert or participation with it, (hereinafter collectively referred to as ("Defendant Bancroft" or "Bancroft").

C. The Commission and Defendant Bancroft do hereby agree to the entry of this Consent Decree, which shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 03-CV- 4225. This Consent Decree shall not constitute an adjudication of or finding on the merits of the case and shall not be construed as a violation of the ADEA or Title VII by Defendant.

## CONSENT DECREE

Upon consent of the parties to this action, it is hereby ORDERED, ADJUDGED and DECREED that:

### NON-DISCRIMINATION AND NON-RETALIATION

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. Defendant Bancroft is enjoined from engaging in any employment practice which constitutes unlawful discrimination under the ADEA or Title VII. Specifically, Defendant is enjoined from creating, fostering or tolerating a work environment which discriminates based on age and race.

3. Defendant is enjoined from engaging in any employment practices which retaliate in any manner against any person, including but not limited to, Kolma Tobey, because of that person's opposition to any practice alleged or believed to be unlawful under the ADEA or Title

VII, or because of the filing of a charge, the giving of testimony or assistance, or the participation in any manner in any investigation, hearing or proceeding under the ADEA or Title VII.

4. Defendant Bancroft shall not divulge, directly or indirectly, to any employer or potential employer of Kolma Tobey, any of the facts or circumstances related to the charge of discrimination against Defendant, or any of the events relating to Mr. Tobey's participation in the litigation of this matter.

5. Bancroft shall expunge from Kolma Tobey's personnel files any documents, pleadings, correspondence and related papers pertaining to the charge of discrimination filed by Kolma Tobey with the Commission.

6. Defendant Bancroft shall comply fully with all provisions of the ADEA and Title VII. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit the obligations of Defendant under the ADEA and Title VII or the EEOC's authority to process or litigate any charge of discrimination which may be filed against Defendant Bancroft in the future.

## MONETARY RELIEF

7. Defendant Bancroft agrees to pay monetary relief in the amount of one hundred thousand dollars ($100,000.00) to Kolma Tobey, in full settlement of the claims against Defendant which were raised in the Commission's Complaint, by sending a check in the gross sum of one hundred thousand dollars ($100,000.00) upon receipt of the signed Consent Decree and a Release signed by Mr. Tobey, which will be made payable to Mr. Tobey and his private counsel (Peter J. McNamara, Esquire) pursuant to the terms of that Release. The check will be

mailed to Peter J. McNamara, Esquire, 151 Fries Mill Road, Suite 505, Turnersville, New Jersey 08012, by certified mail, return receipt requested. Bancroft will mail a photocopy of the check to the EEOC, to the attention of Woody Anglade, Trial Attorney, EEOC, The Bourse, 21 South Fifth Street, Suite 400, Philadelphia, PA 19106-2515 within five days of the date of mailing of the check to Mr. Tobey's private counsel. In order to receive the monetary relief, Mr. Tobey must execute a release.

## AFFIRMATIVE RELIEF

8.  Defendant Bancroft agrees to offer Kolma Tobey the position of Brain Injury Services ("BIS") Program Manager at any of Bancroft's facilities, *except for Mullica Hill, New Jersey*, within thirty (30) days of a Program Manager position becoming available at these facilities.

9.  Defendant agrees to increase Kolma Tobey's salary to the salary of a comparable Program Manager employed by Bancroft, at the time that the position became available. The salary increase must account for subsequent wage increases, bonuses, etc., that a comparable Program Manager employed by Bancroft, at the time of the promotion, would have received, up to the time of the signing of this Consent Decree.

10. Defendant Bancroft will also grant Kolma Tobey retroactive seniority from the time the promotion should have occurred, up to the time of the signing of this Consent Decree. For the purposes of any subsequent promotions or transfer requests, however, Kolma Tobey's actual years of service as a BIS Program Manager will begin to accrue at the time Mr. Tobey is promoted to a BIS Program Manager position. All the individual affirmative relief described in Paragraphs 9 and 10 must become effective within thirty (30) days of Kolma Tobey becoming a

BIS Program Manager. Bancroft will mail a photocopy of all the applicable verifying documentation to (i) the EEOC, to the attention of Woody Anglade, Trial Attorney, EEOC, The Bourse, 21 South Fifth Street, Suite 400, Philadelphia, PA 19106-2515 and to (ii) Peter J. McNamara, 151 Fries Mill Road, Suite 505, Turnersville, New Jersey 08012, within thirty (30) days of the entry of this Consent Decree.

## POSTING OF NOTICE

11. Within ten (10) business days after entry of this Decree, Bancroft shall post same-sized copies of the Notice attached as Exhibit 1 to this Decree on all bulletin boards located at its Mullica Hill, New Jersey facility usually used by Bancroft for communicating with employees. The notice shall remain posted for three (3) years from the date of entry of this Decree. Counsel for Bancroft shall provide a copy of the Notice, and an indication of the date and location of its posting, to the EEOC's Philadelphia District Office, attention, Woody Anglade, Trial Attorney, within ten (10) days of the posting. Defendant shall permit a representative of the EEOC to enter Defendant's Mullica Hill, New Jersey premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice. Bancroft shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. Should the posted copies become defaced, removed, marred, or otherwise illegible, Defendant Bancroft agrees to immediately post a readable copy in the same manner as hereto specified.

## **RECORD KEEPING**

12. For a period of three (3) years following entry of this Decree, Bancroft shall maintain and make available for inspection and copying by the Commission, records of each complaint of any incident of age or race discrimination occurring at its Mullica Hill, New Jersey facility. Each such report shall indicate the date the complaint was made, who made it, what was alleged, and what actions the Defendant took to resolve the matter. The Defendant shall also make records of all actions it takes to prevent age and race discrimination at its Mullica Hill, New Jersey facility during the duration of this Decree.

13. Defendant Bancroft shall make all documents or records referred to in Paragraph 12, above, available for inspection and copying within ten (10) business days after the EEOC so requests. In addition, Defendant shall make available for interview all persons within its employ whom the EEOC reasonably requests for purposes of verifying compliance with this Decree and shall permit a representative of the Commission to enter Bancroft's Mullica Hill, New Jersey premises for such purposes on five (5) business days advance notice by the EEOC. At these inspections, the EEOC will not discuss with employees any facts or claims alleged in the EEOC, et al. v. Bancroft NeuroHealth case.

14. Nothing contained in this Decree shall be construed to limit any obligation Bancroft may otherwise have to maintain under the ADEA or Title VII or any other law or regulation.

## REPORTING

15.  Bancroft shall furnish to the EEOC the following written reports semi-annually for a period of three (3) years following entry of this Decree. The first report shall be due six (6) months after entry of the Decree. The final report shall be due thirty-six (36) months after entry of the Decree. Each such report shall contain:

a.  A summary of the information recorded by Bancroft pursuant to Paragraph 12, including the name of the complainant, the allegation of the complaint and the action taken by Defendant in response; and

b.  A certification by Bancroft that the Notice required to be posted in Paragraph 11, above, remained posted during the entire six (6) month period preceding the report.

## TRAINING

16.  Defendant Bancroft shall provide training on the requirements of Title VII and the ADEA on the following terms:

a.  Defendant agrees to provide annual training sessions to all employees at its Mullica Hill, New Jersey facility by a trainer or vendor approved by the EEOC to provide training on an employee's rights under the ADEA and Title VII, and the employer's obligations under the ADEA and Title VII, with an emphasis on what constitutes unlawful harassment in the workplace, how to keep Defendant free of any such form of discrimination, and what constitutes unlawful retaliation.

b.  The training will be provided to all Mullica Hill, New Jersey Bancroft employees, including temporary employees employed at the time of the training. A registry of attendance shall be retained by Defendant for the duration of the Consent Decree.

c.  Bancroft shall first provide training in accordance with Paragraph 16(a) by no later than November 4, 2005 or within ninety (90) calendar days of the entry of this Consent Decree. Bancroft shall then also provide such training on at least two occasions in calendar years 2006 and 2007.

17. In addition to the training described in Paragraph 16, Defendant will provide training to all Managers and all employees and supervisors in its Human Resources Department at its Mullica Hill and Haddonfield, New Jersey facilities regarding conducting a prompt and effective investigation into allegations, complaints, or charges of employment discrimination.

18. Bancroft shall obtain the EEOC's approval of its proposed trainer prior to each year's set of training sessions. Defendant shall submit the name, address, telephone number and resume of the proposed trainer, together with the date(s) of the proposed training sessions to the EEOC within thirty (30) calendar days prior to the first day of the proposed date(s) of training. The Commission shall have ten (10) calendar days from the date of receipt of the information described above to accept or reject the proposed trainer(s). In the event the EEOC does not approve Defendant's designated trainer(s), Defendant Bancroft shall have ten (10) calendar days to identify an alternate trainer. The EEOC shall have ten (10) calendar days from the date of receipt of the information described above to accept or reject the alternate trainer. In the event the Commission does not approve Bancroft's alternate trainer, the Commission shall designate the trainer to be retained and paid for by Bancroft.

19. Defendant agrees to provide the EEOC with any and all copies of pamphlets, brochures, outlines or other written materials provided to the participants of the training sessions. Even though the Commission has approved of or designated a trainer to provide training for one

year, it is not required to approve of or designate the same trainer for future training sessions.

20. Bancroft shall certify to the EEOC in writing within five (5) business days after the training sessions have occurred that the training has taken place and that the required personnel have attended. Such certification shall include: (i) the dates, location and duration of the training session; (ii) a copy of the registry of attendance, which shall include the name and position of each person in attendance; and (iii) a listing of all current employees, including temporary employees, as of the date of the training.

## DISPUTE RESOLUTION

21. In the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance within ten (10) days of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

## MISCELLANEOUS PROVISIONS

22. Each party to this Decree shall bear its own expenses, costs and attorneys' fees.

23. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, assigns, and successors of Defendant Bancroft in their capacities as representatives, agents, directors and officers of Bancroft, and not in their individual capacities. This Paragraph shall not be construed as placing any limit on remedies available to the Court in the event that any individual is found to be in contempt for a violation of this Decree.

24. This Consent Decree shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 03-CV- 4225.

25. This Consent Decree shall be filed in the United States District Court for the District of New Jersey and shall continue to be in effect for a period of three (3) years. Any application by any party to modify or vacate this Consent Decree during such period shall be made by motion to the Court on no less than thirty (30) days notice to the other party.

26. The Court retains jurisdiction over this case in order to enforce the terms of the Consent Decree.

27. The Clerk of the District Court is hereby directed to send a file-stamped copy of this Consent Decree to counsel of record.

For Plaintiff EEOC:					For Defendant Bancroft NeuroHealth:

Eric S. Dreiband
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel
Wash., D.C.
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

_____
Jacqueline H. McNair
Regional Attorney

_____			_____
Iris A. Santiago-Flores				Peter L. Frattarelli, Esquire
Acting Supervisory Trial Attorney			Archer & Greiner
							One Centennial Square, East Euclid Avenue
							Haddonfield, NJ 08033-0968

_____
Woody Anglade
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2814

By the Court: _____		Date: August 11, 2005
JOSEPH H. RODRIGUEZ
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

## NOTICE TO ALL BANCROFT EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the Federal Court in EEOC, et al. v. Bancroft NeuroHealth, d/b/a Bancroft Brain Injury Services, Civil Action Number 03-CV- 4225 (D. NJ.), resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Bancroft NeuroHealth, d/b/a Bancroft Brain Injury Services ("Bancroft").

The Age Discrimination in Employment Act of 1967, 29 U.S.C. Section 621 et seq., as amended, ("ADEA"), prohibits discrimination against persons age forty and older on the basis of their age. Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq., as amended, ("Title VII"), prohibits discrimination against employees and applicants for employment based upon race, color, sex, religion or national origin. The ADEA and Title VII further prohibit retaliation against employees or applicants who avail themselves of their rights under the ADEA and Title VII by engaging in protected activities, such as filing a charge of discrimination and/or testifying or participating in a Commission investigation. The EEOC is a federal agency which investigates charges of unlawful employment discrimination. The EEOC has authority to bring lawsuits in Federal Court to enforce the ADEA and Title VII.

In its lawsuit, the EEOC alleged that Bancroft discriminated against an employee based on his age and race and failed to promote him in violation of the ADEA and Title VII. Bancroft denies these allegations.

To resolve the case, Bancroft and the EEOC have entered into a Consent Decree which provided, among other things, that: (1) Bancroft will not discriminate on the basis of age and race in the future; (2) Bancroft will not retaliate against any person because she or he opposed any practice made unlawful by the ADEA or Title VII, filed an ADEA or Title VII charge of discrimination, participated in any ADEA or Title VII proceeding, or asserted any rights under the Consent Decree; and (3) Bancroft will train all employees at its Mullica Hill, New Jersey facility regarding age and race discrimination and Bancroft's policy prohibiting age and race discrimination.

If you believe you have been discriminated against, you may contact the EEOC at (215) 440-2600. The EEOC charges no fees and has employees who speak languages other than English.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This Notice must remain posted for three years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to the: Regional Attorney, EEOC Philadelphia District Office, 21 South 5th street, Philadelphia, PA 19106.**

By: _____  
For: The Equal Employment  
Opportunity Commission

By: _____ *Peter C. Fratterelli, Esq., Attorney for*  
For: Bancroft NeuroHealth d/b/a,  
Bancroft Brain Injury Services